UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD BENSON,
    *Plaintiff*,

v.

NEW HAVEN POLICE DEPARTMENT, *et al.*,
    *Defendants*.

No. 3:16-cv-01150 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Richard Benson is a prisoner in Connecticut, and he brings this *pro se* and *in forma pauperis* action pursuant to 42 U.S.C. § 1983 to seek money damages because of his alleged physical abuse by officers of the City of New Haven's police department. He has named as defendants the New Haven Police Department, its former police chief, and two city police officers. For the reasons set forth below, I will allow plaintiff's claims for Fourth Amendment excessive force and for First Amendment retaliation to proceed against the two individual police officer defendants, but I will otherwise dismiss plaintiff's claims against the police department and its former police chief.

**BACKGROUND**

Plaintiff has filed this lawsuit against four defendants: the New Haven Police Department, former Chief of Police Dean Esserman, Officer Brendon Borer, and Officer Michael Haines. The following facts are alleged in the complaint and accepted as true only for purposes of this initial ruling.

On January 9, 2014, plaintiff was riding in a car to his grandmother's house in New Haven. When the car pulled up to her house, defendants Borer and Haines approached the car, knocked on the window, and requested identification. Plaintiff indicated that he lacked identification, but told the officers his name, after which Borer opened the car door and told

plaintiff to step outside. Borer asked "didn't we just lock you up a couple months ago? At this same house?" and questioned plaintiff about how he had gotten out of jail. Doc. #10 at 6. Borer asked plaintiff to put his hands on the roof of the car, after which both Borer and Haines shoved him against the car. Plaintiff had previously made a complaint against Borer and Haines in July 2013, and once plaintiff brought it to the attention of Borer that he was being racially profiled and discriminated against, Borer immediately became hostile.

Fearing for his safety, plaintiff ran away. Plaintiff's mother, who witnessed this event outside, yelled at plaintiff to stop, so he did, but Borer nevertheless tackled plaintiff to the ground. Plaintiff alleges that Borer and Haines then slammed plaintiff's face into the concrete on the ground, and that Borer punched him in the face until he started to lose consciousness, all the while yelling "why'd you run?" Doc. #10 at 8. He alleges that Haines saw him being punched, but failed to intervene until he intervened only to kick him and beat him with his night stick, and then spray him with mace.

As against Esserman, the complaint alleges that "through his policies and customs defendants Borer and Haines were able to violently assault the plaintiff," and that "defendant Esserman's policies and customs . . . were so maliciously violent that it caused officers of the New Haven Police Department to use excessive force on detainees." *Id.* at 9.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Moreover, the allegations of a *pro*

*se* plaintiff's complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Claims Against Officers Borer and Haines*

Plaintiff's claim of excessive force during his arrest implicates his rights under the Fourth Amendment (as incorporated by the Fourteenth Amendment against the states and municipal actors). *See Graham v. Connor*, 490 U.S. 386, 394–95 (1989); *Brown v. Doe*, 2 F.3d 1236, 1242 n.1 (2d Cir. 1993). The Fourth Amendment protects plaintiff from excessive force during an arrest or investigatory stop, even though "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. Whether the force used was excessive is "analyzed under a 'reasonableness' standard, and determined by balancing . . . the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake" and by considering "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an

immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Dancy v. McGinley*, 843 F.3d 93 (2d Cir. 2016).

Taken as true, plaintiff's allegations easily suffice to establish a claim for excessive force in violation of the Fourth Amendment. Borer and Haines stopped plaintiff without legitimate reason and then they chased him down after he fled and brutally assaulted him, all without just cause and for vindictive reasons stemming from plaintiff's complaints about them. Plaintiff's Fourth Amendment claims against Borer and Haines will proceed.

The caption of the complaint references the First Amendment, and the complaint alleges that Borer and Haines acted vindictively because of plaintiff's prior complaint about them and his accusation of racial profiling. To establish a First Amendment retaliation claim, a plaintiff must allege facts showing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015). In light of plaintiff's allegations that he engaged in speech that caused Borer and Haines to retaliate against him, I conclude that plaintiff's claim for First Amendment retaliation will proceed.[1]

### Claims Against Chief Esserman and the New Haven Police Department

Plaintiff alleges a "policy and custom" claim against Esserman. Doc. #10 at 11. But plaintiff alleges no facts reflecting Esserman's personal involvement in any of the misconduct of Borer and Haines. "It is well settled that, in order to establish a defendant's individual liability in

---

[1] To the extent that plaintiff claims a violation of due process by means of defendant's use of excessive force, such a claim in the context of an encounter between the police and a person in a non-prison setting is subject to analysis under the Fourth Amendment, rather than under Eighth Amendment or the Due Process Clauses of the Fifth or Fourteenth Amendments. *See Graham*, 490 U.S. at 395. Lastly, although the complaint conclusorily alleges that plaintiff was "racially profiled," it does not allege any additional facts to give rise to plausible grounds for relief

a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013); *see also Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014) (noting that "liability for supervisory government officials cannot be premised on a theory of *respondeat superior* because § 1983 requires individual, personalized liability on the part of each government defendant"). Accordingly, there is no basis for Esserman's liability for any violation by Borer and Haines of plaintiff's rights, and plaintiff's claim against Esserman will therefore be dismissed.

Although the caption of the complaint names the New Haven Police Department as a defendant, neither of the two counts asserted in the complaint name the police department as a defendant. Doc. #10 at 11. In any event, the New Haven Police Department (as distinct from a municipality such as the City of New Haven) is not a "person" that may be subject to suit under 42 U.S.C. § 1983. *See Oliphant v. Villano*, 2010 WL 537749, at *10 (D. Conn. 2010). Plaintiff's claim against the New Haven Police Department will be dismissed.

To the extent that plaintiff otherwise alleges a "policy and custom" of constitutional violations, *see* Doc. #10 at 10–11 (¶¶ 50–52, 57–59), such allegations may be relevant to a claim for liability against a municipality such as the City of New Haven (rather than its police department or its police chief). It is well established that a municipality may be liable for the unconstitutional misconduct of its employees if such misconduct was the product of a municipal policy, practice, or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014). Here, however, plaintiff has failed to name the City of New Haven as a defendant, must less to allege the particulars of any

---

on a claim of racial discrimination under the Equal Protection Clause.

policy or custom that led to the actions of Borer and Haines. A policy or custom may not be inferred simply from the fact that individual police officers have engaged in wrongdoing, and the complaint otherwise lacks any particulars concerning municipal policies or customs that led to the violation of plaintiff's constitutional right to be free from excessive force. *See generally Adams v. City of New Haven*, 2015 WL 1566177 (D. Conn. 2015) (discussing nature of required allegations to allow *Monell* claim for municipal liability to proceed).

## CONCLUSION

The Court enters the following orders:

**(1)** Plaintiff's claims against defendants Borer and Haines under the First Amendment and Fourth Amendment shall proceed. Plaintiff's claims against the New Haven Police Department and Esserman are DISMISSED.

**(2)** **Within twenty-one (21) days of this Order**, the Clerk shall mail waiver of service of process request packets to Officer Brendon Borer and Officer Michael Haines in their individual capacities at the New Haven Police Department, 1 Union Avenue, New Haven, CT 06519. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the Court on the status of all the requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

**(3)** Defendants Borer and Haines shall file their response to the complaint, either an answer or motion to dismiss, **within sixty (60)** days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an

answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

**(4)** Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order. Discovery requests need not be filed with the Court.

**(5)** All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

**(6)** If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify defendants or the attorney for defendants of his new address.

It is so ordered.

Dated at New Haven, Connecticut this 29th day of December, 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge